IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TERRY WAYNE LANFORD, #157 638, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:15-CV-742-GMB |
| ) | [WO] |
| MEDICAL DOCTOR, MR. PEASANT, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**[1]

This 42 U.S.C. § 1983 action involves a dispute over the adequacy of medical care and treatment afforded Plaintiff, an inmate incarcerated at the Ventress Correctional Facility in Clayton, Alabama. Plaintiff names Dr. John Peasant as the defendant. Plaintiff seeks damages, costs and attorney's fees, and trial by jury. Doc. 1.

Defendant filed an answer, special report, and supporting evidentiary materials addressing Plaintiff's claims for relief. In these documents, Defendant argues this case is due to be dismissed because Plaintiff failed to properly exhaust an administrative remedy available to him through the prison system's medical care provider, Corizon, Inc., prior to initiation of this case. Doc. 12 at 14–16. Defendant bases his exhaustion defense on Plaintiff's failure to submit any medical grievances regarding the claims presented. Doc. 12-2 at 6. In addition, Defendant maintains—and the evidentiary materials, including Plaintiff's medical records, indicate—that Plaintiff received appropriate medical treatment during the time relevant to the matters alleged in the complaint. Docs. 12-2 & 12-3.

---

[1] Previously, upon the parties' consent, this case was referred to the undersigned United States Magistrate Judge to conduct all proceedings, including trial, and order the entry of final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. Doc. 18.

On January 8, 2016, the court provided Plaintiff an opportunity to file a response to Defendant's special report in which he was advised to "specifically address Defendant's argument that he [] failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA")." Doc. 15 at 1 (footnote omitted). The order advised Plaintiff his response should be supported by affidavits or statements made under penalty of perjury and other evidentiary materials. Doc. 15 at 2–3. This order further cautioned Plaintiff that unless "sufficient legal cause" is shown within ten days of entry of this order "why such action should not be undertaken, the court may at any time [after expiration of the time for his filing a response to this order] and without further notice to the parties (1) treat the special report and any supporting evidentiary materials as . . . a motion to dismiss and (2) after considering any response as allowed by this order, rule on the motion in accordance with law." Doc. 15 at 3–4. Plaintiff's response was due on or before January 29, 2016, Doc. 15, but he has filed no response as of this date.

Pursuant to the January 8, 2016 order, the court deems it appropriate to treat Defendant's special report as a motion to dismiss regarding the exhaustion defense. This case is now pending on Defendant's motion to dismiss. *Bryant v. Rich*, 530 F.3d 1368, 1374-1375 (11th Cir. 2008) ("[A]n exhaustion defense . . . is not ordinarily the proper subject for a summary judgment [motion]; instead, it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment."); *see also Trias v. Fla. Dept. of Corrs.*, 587 Fed. App'x 531, 534 (11th Cir. 2014) (holding that district court properly construed defendant's "motion for summary judgment as a motion to dismiss for failure to exhaust administrative remedies"). Therefore, the court will treat Defendant's report as a motion to dismiss.

## I. STANDARD OF REVIEW

In addressing the requirements of 42 U.S.C. § 1997e regarding exhaustion, the Eleventh Circuit has

> recognized that "[t]he plain language of th[is] statute makes exhaustion a precondition to filing an action in federal court." *Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000) (per curiam) (quoting *Freeman v. Francis*, 196 F.3d 641, 643-44 (6th Cir. 1999)). This means that "until such administrative remedies as are available are exhausted," a prisoner is precluded from filing suit in federal court. *See id*. (affirming dismissal of prisoner's civil rights suit for failure to satisfy the mandatory exhaustion requirements of the PLRA); *Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 1999) ("reaffirm[ing] that section 1997e(a) imposes a mandatory requirement on prisoners seeking judicial relief to exhaust their administrative remedies" before filing suit in federal court), *modified on other grounds*, 216 F.3d 970 (11th Cir. 2000) (en banc); *Miller v. Tanner*, 196 F.3d 1190, 1193 (11th Cir. 1999) (holding that under the PLRA's amendments to § 1997e(a), "[a]n inmate incarcerated in a state prison . . . must first comply with the grievance procedures established by the state department of corrections before filing a federal lawsuit under section 1983"); *Harper v. Jenkin*, 179 F.3d 1311, 1312 (11th Cir. 1999) (per curiam) (affirming dismissal of prisoner's civil suit for failure to satisfy the mandatory exhaustion requirements of § 1997e(a)); *Alexander v. Hawk*, 159 F.3d 1321, 1328 (11th Cir. 1998) (affirming dismissal of prisoner's *Bivens* action under § 1997e(a) for failure to exhaust administrative remedies prior to filing suit in federal court).

*Leal v. Ga. Dept. of Corrs.*, 254 F.3d 1276, 1279 (11th Cir. 2001). The Eleventh Circuit has, therefore, determined that "the question of exhaustion under the PLRA [is] a 'threshold matter' that [federal courts must] address before considering the merits of the case. Because exhaustion is mandated by the statute, [a court has] no discretion to waive this requirement." *Myles v. Miami-Dade County Correctional and Rehabilitation Dept.*, 476 Fed. App'x 364, 366 (11th Cir. 2012) (quoting *Chandler v. Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2004), and *Alexander v. Hawk*, 159 F.3d 1321, 1325-26 (11th Cir. 1998)).

"When deciding whether a prisoner has exhausted his remedies, the court should first consider the plaintiff's and the defendants' versions of the facts, and if they conflict, take the plaintiff's version of the facts as true. If in that light, the defendant is entitled to have the complaint

3

dismissed for failure to exhaust administrative remedies, it must be dismissed. If the complaint is not subject to dismissal at this step, then the court should make specific findings in order to resolve the disputed factual issues related to exhaustion." *Myles*, 476 Fed. App'x at 366 (internal citaitons and quotations omitted). A district court "may resolve disputed factual issues where necessary to the disposition of a motion to dismiss for failure to exhaust [without a hearing]." *Trias*, 587 Fed. App'x at 535. "The judge properly may consider facts outside of the pleadings to resolve a factual dispute as to exhaustion where doing so does not decide the merits, and the parties have a sufficient opportunity to develop the record." *Id.* (citing *Bryant*, 530 F.3d at 1376).

Upon review of the complaint, Defendant's special report, and the evidentiary materials filed in support thereof, the court concludes that Defendant's motion to dismiss is due to be granted.

## II. DISCUSSION

Plaintiff challenges the adequacy of medical care received at the Ventress Correctional Facility for conditions associated with his contraction of Hepatitis B and C. Doc. 1; *see also* Doc. 12. In response to the complaint, Defendant denies he provided Plaintiff with constitutionally inadequate medical care and argues this case is subject to dismissal because Plaintiff failed to exhaust the administrative remedy provided by the institutional medical care provider prior to filing this complaint as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). As explained above, federal law directs this court to treat Defendant's response as a motion to dismiss for failure to exhaust an administrative remedy and allows the court to look beyond the pleadings to relevant evidentiary materials in deciding the issue of proper exhaustion. *See Bryant*, 530 F.3d at 1375.

The Prison Litigation Reform Act compels exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The Supreme Court has summarized § 1997(e)(a) as requiring "that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Moreover, "the PLRA exhaustion requirement requires proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings . . . . Construing § 1997e(a) to require proper exhaustion . . . fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." *Id*. at 90–91 & 93. The Supreme Court reasoned that because proper exhaustion of administrative remedies is necessary, an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion requirement . . . by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to her. *Id*. at 83–84; *Bryant*, 530 F.3d at 1378 (quoting *Johnson v. Meadows*, 418 F.3d 1152, 1158 (11th Cir. 2005)) ("To

5

exhaust administrative remedies in accordance with the PLRA, prisoners must 'properly take each step within the administrative process.'"); *Johnson*, 418 F.3d at 1157 (holding that inmate who files an untimely grievance or spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA); *Higginbottom*, 223 F.3d at 1261 (holding that inmate's belief that administrative procedures are futile or needless does not excuse the exhaustion requirement). "The only facts pertinent to determining whether a prisoner has satisfied the PLRA's exhaustion requirement are those that existed when he filed his original complaint." *Smith v. Terry*, 491 Fed. App'x 81, 83 (11th Cir. 2012).

The record is undisputed that the health care provider for the Alabama Department of Corrections provides a grievance procedure for inmate complaints related to the provision of medical treatment. Doc. 12-2.  Defendant submitted evidence reflecting that when inmates are processed into the custody of the Alabama Department of Corrections they are informed of the process and procedure for obtaining medical care and medication and are also educated about the availability of the medical grievance process whereby they may voice complaints regarding any medical treatment sought or received during their incarceration. Doc. 12-2.  Inmate grievance forms are available to inmates at Ventress to submit a grievance related to the provision of health care, inmate grievances are answered within approximately five days of receipt of the grievance, and the inmate grievance form provides information about how an inmate may appeal the response he receives to his initial inmate grievance. Doc. 12-2.  A written response to a formal grievance appeal is provided in approximately five days of receipt. Doc. 12-2.  Inmates are provided with a copy of the completed grievance and/or grievance appeal containing the health service administrator's response. Doc. 12-2.  Defendant's evidence indicates Plaintiff has submitted no medical grievances or medical grievance appeals of any kind. Docs. 12-2 & 12-3.

The court granted Plaintiff an opportunity to respond to the exhaustion defense raised by Defendant in his motion to dismiss but he did not do so. The court, therefore, finds a grievance system is available at Ventress for Plaintiff's claims, but he failed to exhaust the administrative remedy available to him. Plaintiff does not dispute his failure to submit any grievances related to the provision of his medical care at Ventress, and the unrefuted record before the court demonstrates he failed to properly exhaust an administrative remedy available to him at the institution regarding his allegation of inadequate medical care prior to seeking federal relief, a precondition to proceeding in this court on his claims. Any grievances filed after initiation of this federal cause of action do not affect Plaintiff's proper exhaustion of the administrative remedy provided by the facility's medical provider. *Terry*, 491 Fed. App'x at 83.

### III. CONCLUSION

Accordingly, Defendant's motion seeking dismissal for Plaintiff's failure to exhaust available administrative remedies shall be granted, and such dismissal shall be without prejudice. *See Ngo*, 548 U.S. at 87–94; *Bryant*, 530 F.3d at 1374–75 (dismissing for failure to exhaust an administrative remedy when the remedy remains available is not an adjudication of the merits and is without prejudice); *Woodford*, 548 U.S. at 87–94.

A separate Judgment will issue.

DONE on this 27th day of April, 2016.

                                            /s/     Gray M. Borden
                                      UNITED STATES MAGISTRATE JUDGE